# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-MC-015-MOC-DCK

| | |
|---|---|
| GERMAN AMERICAN TRADE ASSOCIATION, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| KURT G. WALDTHAUSEN, REINHARD VON HENNIGS, ERIC SHMID, ELLIOT DAVIS, WALDTHAUSEN & ASSOCIATIES, INC., BRIDGEHOUSE LAW, GERMAN AMERICAN BUSINESS ASSOCIATION, | ) |
| | ) |
| Respondents. | ) |

**THIS MATTER IS BEFORE THE COURT** on Petitioner's "Second Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 12), and Respondents' "Motion[s] To Quash And/Or Limit Subpoena Duces Tecum" (Document Nos. 4, 6, and 8). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will allow the "Second Application…" with modification, and deny as moot the motions to quash.

The German American Trade Association ("GATA" or "Petitioner") initiated this action before this Court with the filing of its first "Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 1) ("First Application") on January 15, 2013. On February 6, 2013, the undersigned granted Petitioner's First Application, thus allowing the Clerk to issue seven (7) subpoenas. (Document No. 2). Since then, three recipients of those subpoenas have moved to quash and/or limit the requested discovery. (Document Nos. 4, 6, and 8).

On March 11, 2013, Petitioner's "Second Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 12) was filed.  Petitioner asserts that it is "submitting this Second Application to issue new subpoenas to postpone the current document production dates and reschedule the dates for production and deposition of the three individuals."  (Document No. 12, p.2).  Petitioner further asserts that the proposed "new subpoenas have been amended and supplemented to better focus the document[] requests, and, hopefully, remedy some of the objections raised in the motions to quash."  (Document No. 12, p.4).  To date, none of the Respondents have filed a response to the "Second Application…."

Based on the foregoing, the undersigned finds that the pending "Second Application…" should be granted, with modification.  The undersigned notes that the subpoenas attached to the "Second Application…" are now outdated, and that there may have been additional intervening events that allow Petitioner to further narrow the discovery requested.  See (Document No. 12-1).  Petitioner shall, therefore, prepare revised subpoenas for the Clerk of Court to sign that allow Respondents at least four (4) weeks to respond to the requested discovery, unless otherwise agreed by the parties.  In addition, prior to submitting revised subpoenas to the Clerk of Court, Petitioner shall confer with Respondents and *attempt* to resolve any disagreements or concerns about the requested discovery, and the dates for production.  The pending motions to quash will be denied as moot, without prejudice to re-file.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Second Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 12) is **GRANTED** with modification, as described herein.  After appropriate consultation and revision, Petitioner may provide the Clerk of Court with six (6) subpoenas for signature, seeking:  (a) documents from, and a deposition of, Kurt G. Waldthausen ("Waldthausen");  (b) documents from, and a deposition of, Reinhard von

Hennigs ("von Hennigs"); (c) documents from, and a deposition of, Eric Schmid ("Schmid"); (d) documents from GABA; (e) documents from the BridgehouseLaw law firm ("BridgehouseLaw"); and (f) documents from Waldthausen & Associates, Inc. ("Waldthausen Inc."). Petitioner may also engage a certified court reporter as an officer of this Court pursuant to 28 U.S.C. § 1782 for the purpose of administering an oath and taking such testimony as requested in the subpoenas.

**IT IS FURTHER ORDERED** that Respondents' "Motion[s] To Quash And/Or Limit Subpoena Duces Tecum" (Document Nos. 4, 6, and 8) are **DENIED AS MOOT**. These motions to quash are denied without prejudice to the Respondents ability to oppose any future subpoenas.

**SO ORDERED**.

Signed: May 9, 2013

David C. Keesler
United States Magistrate Judge