IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-MC-015-MOC-DCK

| | |
|---|---|
| GERMAN AMERICAN TRADE ASSOCIATION, ) ) Petitioner, ) ) v. ) ) KURT G. WALDTHAUSEN, REINHARD VON ) HENNIGS, ERIC SHMID, ELLIOT DAVIS, ) WALDTHAUSEN & ASSOCIATIES, INC., ) BRIDGEHOUSE LAW, GERMAN AMERICAN ) BUSINESS ASSOCIATION, ) ) Respondents. ) ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding scheduling concerns. The pending motions (Document Nos. 17, 20, and 24) have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review of the status of this action is appropriate.

The German American Trade Association ("GATA" or "Petitioner") initiated this action before this Court with the filing of its first "Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 1) ("First Application") on January 15, 2013. On February 6, 2013, the undersigned granted Petitioner's "First Application," thus allowing the Clerk to issue seven (7) subpoenas. (Document No. 2).

On March 11, 2013, Petitioner's "Second Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 12) ("Second Application") was filed. On May 10, 2013, the undersigned granted the "Second Application…" with modification. (Document No. 16). The Court specifically required Petitioner to:

> prepare revised subpoenas for the Clerk of Court to sign that allow Respondents at least four (4) weeks to respond to the requested discovery, unless otherwise agreed by the parties. In addition, prior to submitting revised subpoenas to the Clerk of Court, Petitioner shall confer with Respondents and *attempt* to resolve any disagreements or concerns about the requested discovery, and the dates for production. The pending motions to quash will be denied as moot, without prejudice to re-file.

(Document No. 16, p.2).

Petitioner served revised subpoenas on the German American Business Association ("GABA"), BridgehouseLaw, and Waldthausen & Associates, Inc. ("Waldthausen") (collectively "Respondents") on or about May 21, 2013, requiring document production on June 20, 2013. (Document Nos. 18-1, 18-2, and 18-3). On June 27, 2013, Petitioner filed a "Motion To Compel Document Production Pursuant To 28 U.S.C. § 1782" (Document No. 17) seeking an order requiring, *inter alia*, Respondents' full production of the requested discovery and cooperation in scheduling depositions of Kurt Waldthausen and Reinhard von Hennigs, as well as "allowing the Roske law firm to review the produced documents." (Document No. 17, pp.1-2).

On July 15, 2013, Respondents filed their "…Motion For Protective Order" (Document No. 20), along with a "Brief In Opposition To GATA's Motion To Compel And Memorandum In Support Of the Subpoenaed Organizations' Motion For Protective Order" (Document No. 21). Petitioner filed its "Reply Memorandum In Support Of … Motion To Compel" (Document No. 22) and "…Memorandum In Opposition To Motion For Protective Order" (Document No. 23).

As an initial matter, the undersigned notes that Respondents have violated the Local Rules by: (1) including a motion in a responsive brief (Document No. 21); and (2) failing to file a reply brief in support of their "…Motion For Protective Order," or notice of intent not to reply. See Local Rules 7.1 (C)(2) and (E). The Court expects that a reply brief in support of the "…Motion For Protective Order" might be helpful, and will order that such brief be filed. At

this time, the undersigned finds it unlikely that the Court will compel any discovery in this action before an appropriate protective order or confidentiality agreement has been entered.

Also pending in this matter is Respondents' "…Motions to Vacate Order Or To Quash Subpoenas" (Document No. 24) ("Motion To Quash") filed on August 2, 2013. Petitioner filed its "…Memorandum In Opposition To … Motion To Vacate Order Or To Quash" (Document No. 25). Respondents' reply brief in support of their "Motion To Quash" is currently due by August 19, 2013.

Although the "Motion To Quash" is not yet ripe, the undersigned has conducted an initial review and found that Respondents raise some interesting questions. (Document No. 24). Petitioner's "…Memorandum In Opposition…" suggests in a conclusory manner that the "Motion To Quash" is "meritless," as well as "frivolous and vexatious." (Document No. 25). The undersigned will decline to determine the merits of the Motion To Quash now; however, Petitioner is respectfully advised that its "…Memorandum In Opposition…" fails to thoroughly address the arguments in Respondents' "Motion To Quash." As such, the Court will allow Petitioner an opportunity to file a supplement to its response.

In particular, the undersigned is concerned that Petitioner has not adequately addressed the question of standing. First, is GATA, as it appears in this Court as the applicant an "interested person" before the foreign tribunal? Petitioner's counsel has indicated that "he is engaged directly by GATA through Henry Roske, in his capacity as GATA's corporate secretary, only to obtain the requested discovery, is not otherwise involved in the German litigation, [and] has no direct contact with the German attorneys representing GATA in Germany." (Document No. 19, p.6). Moreover, Petitioner's counsel recently confirmed that the requested discovery "information is being turned over to Mr. Roske in his capacity as an officer

of GATA." (Document No. 25, p.2). Respondents' "Motion To Quash" raises questions of whether Mr. Roske "has sufficient corporate authority to act as an agent for GATA" and what, if any, involvement Mr. Roske and/or other employees at H. Roske & Associates, LLP have with GATA in the German Litigation. (Document No. 24-1, pp.5-6).

Petitioner's "First Application" acknowledged that as an applicant under § 1782 it must show that "the discovery is for use in a proceeding before a foreign "tribunal" and that the "applicant" is an "interested person." (Document No. 1, p.10) (citing In re Application of Esses, 101 F.3d 873, 875 (2d Cir. 1996); In re Servicio PanAmericano De Proteccion, C.A., 354 F. Supp. 2d 269, 273 (S.D.N.Y. 2004); In re Merck & Co., Inc., 197 F.R.D. 267, 270 (M.D.N.C. 2000)). The "…Memorandum In Opposition…" summarily asserts that the requested discovery will be turned over to Mr. Roske, and suggests that Mr. Roske will decide if the information is useful or proper for submission in the German litigation. (Document No. 25, p.2). As such, Petitioner's brief response to the "Motion To Quash" does little to address Respondents', or the Court's, concerns that the applicant has satisfied all the elements required under § 1782.

Respondents further assert that there is a question as to whether GATA even has standing to participate in the German Litigation. (Document No. 24-1, p.5) (citing Document No. 21-9). Petitioner's "…Memorandum In Opposition…" also fails to adequately address this question.

In addition, Respondents raise several questions related to whether the discovery sought by Petitioner is necessary to the German Litigation. For example, if Kurt Waldthausen and Reinhard von Hennigs are scheduled to testify in the German Litigation, as reported by Respondents, should their depositions here still be compelled? Respondents also contend that GATA's counsel in the German Litigation is not receptive to the § 1782 assistance, and for that reasons and others, the "twin aims" of 28 U.S.C. § 1782 are not met.

4

The undersigned notes Petitioner's frustration with what it perceives to be unnecessary delays in this action; however, the undersigned is unwilling to compel the requested discovery without a more complete examination of all the issues raised and all the implications of the proposed discovery. Based on the foregoing, the undersigned finds that the Court would be assisted by Petitioner filing a supplementary brief that addresses all of Respondents' arguments in favor of quashing Petitioner's subpoenas.

**IT IS, THEREFORE, ORDERED** that Respondents shall file a reply brief in support of their "…Motion For Protective Order" (Document No. 20) on or before **August 16, 2013**.

**IT IS FURTHER ORDERED** that Petitioner may file a supplement to its "…Memorandum In Opposition…" (Document No. 25) on or before **August 16, 2013**.

**SO ORDERED**.

Signed: August 9, 2013

David C. Keesler
United States Magistrate Judge