IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-MC-015-MOC-DCK

| | |
|---|---|
| GERMAN AMERICAN TRADE ASSOCIATION, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| KURT G. WALDTHAUSEN, REINHARD VON HENNIGS, ERIC SHMID, ELLIOT DAVIS, WALDTHAUSEN & ASSOCIATIES, INC., BRIDGEHOUSE LAW, and GERMAN AMERICAN BUSINESS ASSOCIATION, | ) ) ) ) ) ) |
| | ) |
| Respondents. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Petitioner's "Motion To Compel Document Production Pursuant To 28 U.S.C. § 1782" (Document No. 17); "BridgehouseLaw's, Waldthausen & Associates', And GABA's Motion For Protective Order" (Document No. 20); and "BridgehouseLaw's, Waldthausen & Associates', And GABA's Motions To Vacate Order Or To Quash Subpoenas" (Document No. 24). The pending motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motions in part, and <u>deny</u> the motions in part.

BACKGROUND

The German American Trade Association ("GATA" or "Petitioner") initiated this action before this Court with the filing of its first "Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 1) ("First Application") on January 15, 2013. On February 6, 2013, the

undersigned granted Petitioner's "First Application," thus allowing the Clerk of Court to issue seven (7) subpoenas. (Document No. 2).

On March 11, 2013, Petitioner's "Second Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 12) ("Second Application") was filed. On May 10, 2013, the undersigned granted the "Second Application…" with modification. (Document No. 16). The undersigned allowed Petitioner to "provide the Clerk of Court with six (6) subpoenas for signature, seeking: (a) documents from, and a deposition of, Kurt G. Waldthausen ("Waldthausen"); (b) documents from, and a deposition of, Reinhard von Hennigs ("von Hennigs"); (c) documents from, and a deposition of, Eric Schmid ("Schmid"); (d) documents from GABA; (e) documents from the BridgehouseLaw law firm ("BridgehouseLaw"); and (f) documents from Waldthausen & Associates, Inc. ("Waldthausen Inc.")." (Document No. 16, pp.2-3). The Court also specifically required Petitioner to:

> prepare revised subpoenas for the Clerk of Court to sign that allow Respondents at least four (4) weeks to respond to the requested discovery, unless otherwise agreed by the parties. In addition, prior to submitting revised subpoenas to the Clerk of Court, Petitioner shall confer with Respondents and *attempt* to resolve any disagreements or concerns about the requested discovery, and the dates for production. The pending motions to quash will be denied as moot, **without prejudice to re-file**.

(Document No. 16, p.2) (emphasis added).

Petitioner served revised subpoenas on the German American Business Association ("GABA"), BridgehouseLaw, and Waldthausen & Associates, Inc. ("Waldthausen & Associates") (collectively "Respondents") on or about May 21, 2013, requiring document production on June 20, 2013. (Document Nos. 18-1, 18-2, and 18-3). On June 27, 2013, Petitioner filed a "Motion To Compel Document Production Pursuant To 28 U.S.C. § 1782" (Document No. 17) seeking an order requiring, *inter alia*, Respondents' full production of the

requested discovery and cooperation in scheduling depositions of Kurt Waldthausen and Reinhard von Hennigs, as well as "allowing the Roske law firm to review the produced documents." (Document No. 17, pp.1-2).

On July 15, 2013, Respondents filed their "…Motion For Protective Order" (Document No. 20), stating that they "do not necessarily seek to avoid production of documents; rather, they seek the Court's intervention to ensure that reasonable measures will be taken to protect their confidential and trade secret information." (Document No. 20, p.1).

"BridgehouseLaw's, Waldthausen & Associates', And GABA's Motions To Vacate Order Or To Quash Subpoenas" (Document No. 24) was then filed on August 2, 2013. In that motion, Respondents contend that Petitioner's § 1782 applications are "no longer valid or necessary" "[i]n light of recent developments and new information." (Document No. 24, p.2).

The pending motions have been fully briefed and are now ripe for review.

### STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Rule 26 further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

28 U.S.C. §1782 provides:

> **(a)** The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal **or upon the application of any interested person** and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.
>
> **(b)** This chapter **does not preclude a person within the United States from voluntarily giving his testimony or statement, or**

4

> producing a document or other thing, for use in a proceeding in a foreign or international tribunal **before any person and in any manner acceptable to him.**

28 U.S.C. § 1782 (emphasis added).

## DISCUSSION

### A. Motions to Compel and for Protective Order

Petitioner's revised subpoenas commanded Respondents to produce eight categories of documents on June 20, 2013. (Document Nos. 18-1, 18-2). In its "Motion To Compel…" Petitioner specifically seeks an Order:

> (1) directing BridgehouseLaw, Waldthausen & Associates, and GABA to produce all documents responsive to the subpoenas dated May 21, 2013 within five (5) days of the entry of such Order; (2) directing BridgehouseLaw, Waldthausen & Associates, and GABA to designate which organization or organizations are producing which documents; (3) allowing the attorneys at the Roske law firm to review the produced documents; . . . (3) producing the information sought by subpoena document category no. 8; and, (4) directing BridgehouseLaw, Waldthausen & Associates, and GABA to cooperate in expeditiously scheduling the depositions of the individuals (Kurt Waldthausen and Reinhard von Hennigs) to occur as soon as practicable after the documents are produced.

(Document No. 17, pp.1-2).

Petitioner's "Amended Memorandum In Support…" contends that the documents are necessary to aid in a lawsuit pending in Germany, concerning "claims that a former GATA employee named Dr. Arne Heller took and used a confidential database belonging to GATA, including using it to solicit three of the subpoenaed organizations to create, assist, and support the fourth (the German American Business Association or "GABA") to compete with GATA." (Document No. 19, pp.1-2). In support of its motion, Petitioner asserts that Respondents stated that they could not produce all responsive documents before August 1, 2013, and that the parties

5

have reached an impasse "concerning the scope of a proposed confidentiality agreement covering certain of the responsive documents." (Document No. 19, pp.2-3). Petitioner is concerned that delays may defeat its ability to timely obtain evidence for use in the German litigation. (Document No. 19, p.3). Apparently, the Elliot Davis accounting firm, in response to the initial subpoenas, "produced 746 pages of documents on a disk" by the end of February 2013. (Document No. 19, p.4).

Respondents' "Brief In Opposition To GATA's Motion To Compel…" notes that Respondents "provide services regarding the respective international legal, employment, business and/or advisory needs of individuals and businesses, with a particular emphasis on German, Austrian and Swiss companies that currently are or plan to be engaged in the United States marketplace." (Document No. 21, p.1). The "Brief In Opposition To GATA's Motion To Compel …" further notes that: Petitioner GATA is operated by its corporate officer and secretary Hendrik "Henry" Roske, who is a German attorney practicing with the law firm of H. Roske & Associates, LLP in New York City; H. Roske & Associates, LLP advertises itself as a "Specialized Law Firm for German-Speaking Companies in the USA"; and GATA is "a nonprofit organization serving the German-American business community." Id. Respondents assert that they "are willing to produce documents," but they are entitled to protect privileged and confidential information from direct competitors like Henry Roske and/or the firm of H. Roske & Associates, LLP, and GATA. (Document No. 21, p.2).

Respondents contend that they produced documents from BridgehouseLaw and GABA on June 20, 2013, and over 500 pages of documents from Waldthausen & Associates on July 10, 2013. (Document No. 21). They complain that Petitioner demands the entire burden and cost of production be borne by non-parties to the German Litigation. Id. Respondents suggest that a

reasonable and efficient resolution of this dispute would include their production of "responsive documents directly to GATA's German-speaking attorneys in Hamburg, so long as GATA's Hamburg Attorneys abide by the same restrictions of a Confidentiality Agreement and agree to bar their clients from otherwise viewing or accessing the produced documents." (Document No. 21, p.16).

Based on the foregoing, Respondents have sought a protective order from the Court:

> (1) granting the Subpoenaed Organizations' request for a production deadline no earlier than August 30, 2013; (2) granting the Subpoenaed Organizations' motion for entry of a Protective Order; (3) directing GATA to omit or substantially revise subpoena document request no. 8; (4) directing GATA to refrain from seeking or scheduling any depositions of the individuals (Reinhard von Hennigs and Kurt Waldthausen) prior to the date of their voluntary testimony before the German Court on September 18, 2013; and (5) granting such alternative relief as the Court deems appropriate, including but not limited to, Specifying Conditions as an Alternative under Fed. R. Civ. P. 45(c)(3)(B), directing GATA to first (i) show a substantial need for testimony or material that cannot be otherwise met without undue hardship; and (ii) ensuring that the subpoenaed person or Organization will be reasonably compensated.

(Document No. 21, pp.18-19)

Petitioner asserts that Respondents have failed to show good cause for the protective order they seek. (Document No. 23). Moreover, Petitioner argues that expanding the possible reviewers of confidential material to GATA's German counsel in the German litigation "would cause GATA to have to pay two sets of counsel separated by an ocean and a language to coordinate their efforts to have undersigned counsel take depositions here." (Document No. 23, p.3).

In their reply brief, Respondents assert that additional costs would be eliminated, and efficiency promoted, if GATA's Hamburg Attorneys were to read the German-language

7

documents in their original format and determine their relevance and/or admissibility pursuant to the rules of German Civil Procedure. (Document No. 27, p.11). In addition, Respondents note that BridgehouseLaw's Managing Partner, Reinhard von Hennigs, and Kurt Waldthausen of Waldthausen & Associates, have voluntarily agreed to appear and testify before the German Court in Hamburg, Germany on September 18, 2013. (Document No. 27, p.7) (citing Document Nos. 27-9, 27-13).

The undersigned notes that Respondents' reply brief, filed on August 16, 2013, re-asserts that its "counsel has repeatedly expressed to GATA's counsel (Mr. Gary Beaver) that while the Subpoenaed Organizations **are willing to produce documents**, they are also entitled to protect the release of privileged and confidential information from direct competitors like Henry Roske and/or the firm of H. Roske & Associates, LLP and GATA." (Document No. 27, p.2) (emphasis added).

**B. Motion To Vacate Or Quash**

Despite Respondents' assertion through August 16, 2013, that they continue to be willing to produce documents, with certain protections, they filed a motion to quash the subpoenas requesting documents from Respondents, and/or to vacate the Court's "Order" (Document No. 16) allowing Petitioner's "Second Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 12) on August 2, 2013. (Document No. 24). As such, it appears that Respondents are making an argument in the alternative to their "…Motion For Protective Order" (Document No. 20).

The "…Motions To Vacate Order Or To Quash Subpoenas" (Document No. 24) filed August 2, 2013 again notes that none of the organizations subpoenaed by Petitioner are parties to the German Litigation, and that Petitioner has "admitted it competes with GABA." (Document

No. 24-1, p.2). Respondents also argue that based on "recent developments and new information from the attorneys handling the German Litigation," they do not believe the underlying purpose of GATA's § 1782 applications are "valid or necessary." Id.

Respondents' motion includes the following useful synopsis of the law applicable to this controversy.

> Section 1782(a) permits "any interested person" to apply to a district court for an order permitting him or her to take discovery "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. §1782(a). The statutory requirements are as follows: (1) the person from whom discovery is sought must reside or be "found" in the district, (2) the discovery must be "for use" in a proceeding before a foreign tribunal, and (3) the application must be made by an "interested person." In re Application of Microsoft Corp., 428 F. Supp. 2D 188, 192 (S.D.N.Y. 2006) (citing Schmitz v. Bernstein Liebhard & Lifshitz LLP, 376 F. 3d 79, 83 (2d Cir. 2004)).
> If those statutory requirements are met, the court **may, but need not**, **order discovery**. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). In exercising its discretion, the court must consider the following "Intel" factors: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent relief under §1782; (2) the "receptivity" of the foreign government or tribunal to the assistance of the district court, and "specifically," whether the §1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or policies"; and (3) whether the subpoena is unduly intrusive or burdensome. Id. at 264-65; See also Microsoft, 428 F.Supp.2d at 192-93.
> Moreover, courts must exercise their discretion in light of the twin aims of §1782: providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts. Microsoft, 428 F. Supp.2d at 193 (citing Schmitz, 376 F.3d at 84).

(Document No. 24-1, pp.2-3) (emphasis added).

In support of its motion to vacate or quash, Respondents first suggest that it is "unclear whether GATA is an 'interested person'" pursuant to §1782. (Document No. 24-1, p.5).

9

Respondents note that "the German Court has ordered GATA to prove it has the sufficient 'Partei- und Prozessfähigkeit' (standing) and legal recognition to participate in litigation before the German Court." Id. (citing Document No. 21-8, p.2; Document No. 21-9). The supporting documents indicate that the German Court will consider the question of GATA's standing, as well as hear testimony from Mr. von Hennigs and Mr. Waldthausen, on or about September 18, 2013. Id. see also, (Document No. 24-1, p.7). Based on the scheduled appearances of Mr. von Hennigs and Mr. Waldthausen before the German Court in Hamburg, Respondents contend that these individuals are, or will be, "undeniably subject to the jurisdiction of the German Court," and therefore, the Court in its discretion may determine that their testimony is accessible absent relief under §1782. (Document No. 24-1, p.7). Respondents also question whether GATA's Secretary, Henry Roske, has sufficient corporate authority to act as an agent for GATA and enter claims on its behalf. (Document No. 24-1, p.5).

Petitioner's "First Application" acknowledged that as an applicant under § 1782 it must show that "the discovery is for use in a proceeding before a foreign "tribunal" and that the "applicant" is an "interested person." (Document No. 1, p.10) (citing In re Application of Esses, 101 F.3d 873, 875 (2d Cir. 1996); In re Servicio Pan Americano De Proteccion, C.A., 354 F. Supp. 2d 269, 273 (S.D.N.Y. 2004); In re Merck & Co., Inc., 197 F.R.D. 267, 270 (M.D.N.C. 2000)). Petitioner's "…Supplemental Memorandum…" states that "GATA is an 'interested person' and there is no authority to contend otherwise." (Document No. 33, p.1). Petitioner notes that GATA is the party that brought the German action and is the party that brought the §1782 action in this Court. Id.

Petitioner's "…Memorandum In Opposition…" summarily asserted that the requested discovery will be turned over to Mr. Roske, and suggested that Mr. Roske will decide if the

information is useful or proper for submission in the German litigation. (Document No. 25, p.2). The "…Supplemental Memorandum…" further explains that GATA is a Delaware corporation and that Mr. Roske is GATA's incorporator, sole director, and secretary. (Document No. 33, p.3). Petitioner concludes that as a corporate officer and sole director of GATA, Roske is authorized under Delaware law to engage in litigation on behalf of GATA. Id. Petitioner also acknowledges that Respondents have "already produced hundreds of pages of responsive documents." (Document No. 33, p.6). Petitioner contends that the subpoenaed information "will be indispensable in the German litigation" and that "GATA has a good faith basis for seeking the information and believing that at least some of it will be helpful to . . . and admitted by the German court." (Document No. 33, p.5).

In their "…Reply In Support Of Their Motion To Vacate Order Or To Quash Subpoenas" Respondents first argue that GATA has used the wrong standard, and applied it to the wrong party, when it allegedly described itself as a *participant* in the foreign proceeding. (Document No. 34, pp.1-2). This argument is without merit.

Petitioner clearly asserts that "there is foreign litigation pending in Germany and GATA is the party that brought the German action and is the party that brought the Section 1782 action in this Court." (Document No. 33, p.1). Contrary to Respondents' argument, Petitioner does not premise its § 1782 application as an "interested person" on being "a participant in a foreign proceeding"; rather, it unambiguously asserts that it is party to the foreign litigation. Respondents themselves acknowledge that "[t]he legislative history to § 1782 makes plain that 'interested person' includes a 'party to the foreign…litigation.'" (Document No. 34, p.2) (citing Lancaster, 90 F.3d 38 at 42); see also, Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256-57 (2004) ("'any interested person' is 'intended to include not only litigants before

foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance'").

The undersigned is satisfied that, at least to date, Petitioner is a proper applicant under § 1782. Respondents' second argument, however, raises a more compelling question of whether GATA's purportedly uncertain standing in the German Litigation undermines its status as a "party" or "interested person." (Document No. 34, pp.2-5). Respondents essentially assert that since there is a pending decision before the German Court as to whether GATA has standing to proceed with the foreign litigation, or should be dismissed, that this Court has discretion to determine that GATA is neither a "party" nor an "interested person." Id.

The undersigned agrees that the reported procedural posture of the German Litigation contributes to the complexity of the issues before this Court. On the one hand, a party might argue that the information requested many months ago is pertinent to the issues to be argued in the German Court. On the other hand, a party might argue that discovery here is inefficient, if not moot, pending a decision by the German Court. Under the circumstances of this case, the undersigned is inclined to find that Petitioner GATA continues to be an "interested person" pursuant to § 1782, until the German Court or this Court issues a decision to the contrary.

Next, Respondents note that Mr. von Hennigs has "voluntarily provided 19 pages of redacted communications to the Hamburg Attorneys" and that Mr. von Hennigs and Mr. Waldthausen have voluntarily agreed to appear before the German Court and provide witness testimony. (Document No. 34, p.8). Respondents note that such production is allowed by § 1782 (b). Id.

Respondents also argue extensively that Petitioner's § 1782 discovery requests are a "fishing expedition" and that much of the information sought is already in GATA's possession, or is within the German Court's jurisdiction. (Document No. 34, pp.8-13).

In short, Respondents seek to quash the subpoenas served on them, or in the alternative, that the Court issue a protective order that delays the proposed depositions and restricts access to the remaining requested document production. Petitioner takes a different view and demands full production of its discovery requests immediately.

## CONCLUSION

After careful consideration of all the arguments, the undersigned finds that the pending motions should be granted in part and denied in part. In reaching this determination, the undersigned is cognizant that both 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure allow the Court broad discretion in ruling on discovery issues such as the ones pending before the Court.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion To Compel Document Production Pursuant To 28 U.S.C. § 1782 (Document No. 17) is **GRANTED** in part and **DENIED** in part as follows:

> (1) BridgehouseLaw, Waldthausen & Associates, and GABA shall produce all documents responsive to the subpoenas dated May 21, 2013, within **seven (7) days** of the entry of this Order, except as otherwise directed herein; and
>
> (2) BridgehouseLaw, Waldthausen & Associates, and GABA shall clearly designate which organization or organizations are producing, or have produced, which documents, to the extent they have not already done so.

**IT IS FURTHER ORDERED** that "BridgehouseLaw's, Waldthausen & Associates', And GABA's Motion For Protective Order" (Document No. 20) is **GRANTED** in part, and **DENIED** in part, as follows:

(1) Respondents shall submit a proposed "Protective Order" consistent with their "Proposed Confidentiality Agreement" (Document No. 21-16) via cyberclerk, on or before **September 13, 2013**; after review, the undersigned will enter such "Protective Order" as soon as practicable;

(2) Petitioner shall refrain from seeking or scheduling any depositions of Reinhard von Hennigs or Kurt Waldthausen prior to the date of their voluntary testimony before the German Court on **September 18, 2013**.

**IT IS FURTHER ORDERED** that "BridgehouseLaw's, Waldthausen & Associates', And GABA's Motions To Vacate Order Or To Quash Subpoenas" (Document No. 24) is **DENIED**, except as otherwise directed herein.

**IT IS FURTHER ORDERED** the parties shall bear their own costs associated with the above motions.

**SO ORDERED**.

Signed: September 11, 2013

David C. Keesler
United States Magistrate Judge