IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-MC-015-MOC-DCK

| | |
|---|---|
| **GERMAN AMERICAN TRADE ASSOCIATION,** <br><br> Petitioner, <br><br> v. <br><br> **KURT G. WALDTHAUSEN, REINHARD VON HENNIGS, ELLIOT DAVIS, WALTHAUSEN & ASSOCIATES, INC., BRIDGEHOUSELAW, and GERMAN AMERICAN BUSINESS ASSOCIATION,** <br><br> **Respondents.** | **PROTECTIVE ORDER** |

Pursuant to the Federal Rules of Civil Procedure, including, but not limited to, Rule 26(c), the Court hereby enters the following Protective Order:

1. Petitioner German American Trade Association ("GATA") served a subpoena *duces tecum* on non-parties Waldthausen & Associates, Inc., BridgehouseLaw, and German American Business Association ("GABA") (collectively, the "Producing Parties") in the above-captioned action for certain documents, including, but not limited to, information relating to confidential contact information of German, Austrian and Swiss companies who are either currently doing business in the United States or who intend to conduct business in the United States, and other confidential information related to the Producing Parties' involvement and participation in GABA. The subpoenas were

1

issued pursuant to Petitioner's first Application for Discovery Pursuant to 28 U.S.C. §1782 dated January 15, 2013, with the stated purpose of obtaining documents for use in Petitioner's civil claim against Dr. Arne Heller in Hamburg, Germany. On May 10, 2013, the undersigned granted Petitioner's second Application for Discovery Pursuant to 28 U.S.C. §1782, with modification.

2. The Producing Parties assert that the discovery sought from them by GATA will involve the production or disclosure of confidential, sensitive, or proprietary business information, or trade secrets (collectively referred to as "Confidential Information").

3. All knowledge and information gained or developed from viewing the Confidential Documents produced by the Subpoenaed Organizations shall be used solely and exclusively for the limited purpose of pursuing or defending the claims in the German Litigation and shall not be used under any circumstances for any other purpose whatsoever (including, but not limited to, business, commercial, competitive, educational, instructional or personal purposes).

4. This Protective Order governs the production, disclosure, and use of all Confidential Information produced by the Producing Parties or their agents during the course of this matter.

## DESIGNATION

In connection with the discovery proceedings in this action, any non-public document, material, or information may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." The Producing Parties shall be

obligated to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the Producing Parties shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations. "CONFIDENTIAL" applies to information, testimony, documents, and data which is determined by the Producing Parties, acting in good faith, to be non-public and to be confidential business or technical information.

"CONFIDENTIAL-ATTORNEY'S EYES ONLY" applies to information, testimony, documents, and data which is determined by the Producing Parties, acting in good faith, to be non-public and to be confidential business or technical information, and which is reasonably and in good faith considered by the Producing Parties to be highly sensitive because at the time such information, testimony, documents, and data is produced it contains competitive business information such as customer lists, trade secrets, product design information, marketing or sales planning information or cost, price, profitability, or other similar financial information. It is the intention of the Producing Parties to designate only a limited number of documents and information for this more restricted level of confidentiality.

## NOTICE AND MARKINGS

Any documents, material, or information may be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" by furnishing a separate written notice to GATA specifically identifying the items or their designation, or by stamping the

3

legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on each page of the documents, material, or information prior to production.

Any Producing Party may designate any portion or all of a deposition as Confidential Information by notifying GATA on the record during the deposition or in writing within ten (10) days of the receipt of the transcript. The Producing Party and GATA shall automatically treat all information disclosed at a deposition as CONFIDENTIAL-ATTORNEY'S EYES ONLY for ten (10) days after receipt of the transcript.

## INADVERTENT FAILURE TO DESIGNATE

Failure to designate or stamp as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies GATA upon realizing the failure. However, GATA shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

## OBJECTION TO DESIGNATION

If GATA objects to the designation of any designated Confidential Information, GATA shall treat the information as it is designated until GATA and the Producing Party resolve the dispute by agreement or by order of the Court.

## USE OF CONFIDENTIAL INFORMATION

All Confidential Information as defined herein shall be used solely for the purpose of this action.

Confidential Information which has been designated "CONFIDENTIAL" shall be disclosed only to:

(1) The attorneys of record in this action and their employees or contractors (such as photocopy services and translators) who are assisting them in this action;

(2) Independent experts and translators who have been retained by GATA, the Producing Parties, or their attorneys for this action, provided that each such expert and translator first executes a written "Acknowledgement" in the form attached;

(3) Attorneys for GATA who require the information to assist in the prosecution or defense of this action or the underlying action pending in Germany, specifically, Mr. Gary Beaver (from the law firm of Nexsen Pruet), Dr. Sophia Charlotte Dittmar (from the German law firm of Taylor Wessing), and Dr. Andreas Meissner (from the German law firm of Taylor Wessing), provided that each such person first signs a written "Acknowledgement" in the form attached;

(4) The Court and persons associated with or employed by the Court whose duties require access to the information;

(5) The author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the face of the document; and

(6) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition.

Confidential Information, which has been designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be disclosed only to:

(1) The attorneys of record in this action and their employees or contractors (such as photocopy services) who are assisting them in this action;

(2) Independent experts and translators who have been retained by GATA, the Producing Parties, or their attorneys for this action, provided that each such expert and translator first executes a written "Acknowledgement" in the form attached;

(3) Attorneys for GATA who require the information to assist in the prosecution or defense of this action or the underlying action pending in Germany, specifically, Mr. Gary Beaver (from the law firm of Nexsen Pruet), Dr. Sophia Charlotte Dittmar (from the German law firm of Taylor Wessing), and Dr. Andreas Meissner (from the German law firm of Taylor Wessing), provided that each such person first signs a written "Acknowledgement" in the form attached;

(4) The Court and persons associated with or employed by the Court whose duties require access to the information;

(5) The author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the face of the document; and

(6) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition.

In addition to the foregoing and in light of the sensitive nature of certain information, specific individuals and entities have been designated who may not have any access to, or authorization to review, any documents or information marked as

"CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEY'S EYES ONLY in this matter.  The individuals and entities who are barred from viewing or otherwise accessing the produced documents or information are listed as follows:

(A) Any and all employees, officers, principals, executives, attorneys, partners, paralegals, administrative staff, assistants, agents, contractors or other workers of the New York law firm of H. Roske & Associates, LLP, including but not limited to: (a) Hendrik "Henry" Roske; (b) Moritz Schumann; and (c) Christian Burghart; and

(B) Any and all employees, officers, principals, executives, attorneys, partners, paralegals, assistants, administrative support, agents, contractors or other staff of the German American Trade Association ("GATA"), including but not limited to: (a) Hendrik "Henry" Roske; and (b) Simon Fischer.

In the event the Producing Party who has designated material "CONFIDENTIAL-ATTORNEY'S EYES ONLY" objects to disclosure of its material within the 10-day notice period and is unable to reach agreement with GATA on whether the material will be disclosed, no disclosure shall be made while a motion for protective order or other such motion is pending provided the objecting Producing Party seeks such a motion within 10 days of the date that GATA determines they are unable to reach agreement on whether the material will be disclosed.

## **INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

If a Producing Party inadvertently discloses to the receiving party information that is privileged or otherwise immune from discovery, that Producing Party shall promptly upon discovery of such disclosure so advise GATA in writing and request that the item or

items of information be returned. It is further agreed that GATA will promptly return such inadvertently produced item or items of information and all copies thereof upon either (a) discovery by the receiving Party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. GATA may thereafter seek production of any such documents by motion to the Court.

## **OBLIGATIONS OF PARTIES**

GATA, the Producing Parties, and their counsel of record shall abide by and be bound by the provisions of this Confidentiality Agreement and use due care to see that its provisions are known and adhered to by those under their supervision or control. Nothing in this Confidentiality Agreement shall bar counsel from rendering advice to their clients with respect to this litigation, and in the course thereof, relying upon any Confidential Information, provided, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as otherwise permitted by this Order.

## **TERMINATION OF LITIGATION**

Within thirty (30) days of the final conclusion or final settlement of the underlying German litigation for which this Section 1782 discovery is being taken and the conclusion of any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the producing party all Confidential Information, at the option of the party making the confidentiality designation, except that counsel may retain one archival copy of court filings and one copy of deposition and trial transcripts (including

one copy of exhibits thereto) containing Confidential Information which materials will otherwise remain subject to this Protective Order.

The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over GATA, the Producing Parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

## ADDITIONAL PROTECTION

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude GATA or the Producing Parties from seeking and obtaining, on an appropriate showing, additional or reduced protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**IT IS SO ORDERED.**

Signed: September 16, 2013

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[*print or type full name*], of _____[*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of North Carolina on September 16, 2013 in the case of **In re Application of the German American Trade Association for Order Pursuant to 28 U.S.C. §1782, Civil Action No. 3:13-MC-015-MOC-DCK**. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [*print or type full name*] of _____ [*print or type full address and telephone number*] as my North Carolina agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____
        [printed name]

Signature: _____