IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-MC-015-MOC-DCK

| | |
|---|---|
| GERMAN AMERICAN TRADE ASSOCIATION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KURT G. WALDTHAUSEN, REINHARD VON ) | |
| HENNIGS, ERIC SHMID, ELLIOT DAVIS, ) | |
| WALDTHAUSEN & ASSOCIATES, INC., ) | |
| BRIDGEHOUSE LAW, and GERMAN ) | |
| AMERICAN BUSINESS ASSOCIATION, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "German American Trade Association's Motion To Compel" (Document No. 41). The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## BACKGROUND

The German American Trade Association ("GATA" or "Petitioner") initiated this action with the filing of its first "Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 1) ("First Application") on January 15, 2013. On February 6, 2013, the undersigned granted Petitioner's "First Application," thus allowing the Clerk of Court to issue seven (7) subpoenas. (Document No. 2).

On March 11, 2013, Petitioner's "Second Application For Discovery Pursuant To 28 U.S.C. § 1782" (Document No. 12) ("Second Application") was filed. On May 10, 2013, the

undersigned granted the "Second Application…" with modification. (Document No. 16). The undersigned allowed Petitioner to "provide the Clerk of Court with six (6) subpoenas for signature, seeking: (a) documents from, and a deposition of, Kurt G. Waldthausen ("Waldthausen"); (b) documents from, and a deposition of, Reinhard von Hennigs ("von Hennigs"); (c) documents from, and a deposition of, Eric Schmid ("Schmid"); (d) documents from GABA; (e) documents from the BridgehouseLaw law firm ("BridgehouseLaw"); and (f) documents from Waldthausen & Associates, Inc. ("Waldthausen Inc.")." (Document No. 16, pp.2-3). The Court also specifically required Petitioner to:

> prepare revised subpoenas for the Clerk of Court to sign that allow Respondents at least four (4) weeks to respond to the requested discovery, unless otherwise agreed by the parties. In addition, prior to submitting revised subpoenas to the Clerk of Court, Petitioner shall confer with Respondents and *attempt* to resolve any disagreements or concerns about the requested discovery, and the dates for production. The pending motions to quash will be denied as moot, **without prejudice to re-file**.

(Document No. 16, p.2) (emphasis added).

Petitioner served revised subpoenas on the German American Business Association ("GABA"), BridgehouseLaw, and Waldthausen & Associates, Inc. ("Waldthausen & Associates") (collectively "Respondents") on or about May 21, 2013, requiring document production on June 20, 2013. (Document Nos. 18-1, 18-2, and 18-3). On June 27, 2013, Petitioner filed a "Motion To Compel Document Production Pursuant To 28 U.S.C. § 1782" (Document No. 17) seeking an order requiring, *inter alia*, Respondents' full production of the requested discovery and cooperation in scheduling depositions of Kurt Waldthausen and Reinhard von Hennigs, as well as "allowing the Roske law firm to review the produced documents." (Document No. 17, pp.1-2).

2

On July 15, 2013, Respondents filed their "…Motion For Protective Order" (Document No. 20), stating that they "do not necessarily seek to avoid production of documents; rather, they seek the Court's intervention to ensure that reasonable measures will be taken to protect their confidential and trade secret information." (Document No. 20, p.1).

"BridgehouseLaw's, Waldthausen & Associates', And GABA's Motions To Vacate Order Or To Quash Subpoenas" (Document No. 24) was then filed on August 2, 2013. In that motion, Respondents contended that Petitioner's § 1782 applications are "no longer valid or necessary" "[i]n light of recent developments and new information." (Document No. 24, p.2).

On September 11, 2013, the Court issued an "Order" (Document No. 35) that granted in part and denied in part the "Motion To Compel Document Production Pursuant To 28 U.S.C. § 1782" (Document No. 17) and the "…Motion For Protective Order" (Document No. 20), and denied "BridgehouseLaw's, Waldthausen & Associates', And GABA's Motions To Vacate Order Or To Quash Subpoenas" (Document No. 24). The Court then issued a "Protective Order" (Document No. 36) on September 16, 2013.

The pending "German American Trade Association's Motion To Compel" (Document No. 41) and "…Memorandum In Support…" (Document No. 42) were filed on November 26, 2013. Respondents' "…Opposition To GATA's Motion To Compel Document Production…" (Document No. 51) was filed on December 2, 2013. Petitioner's "…Reply Memorandum…" (Document No. 55) was filed on December 4, 2013. Thus, the pending motion has been fully briefed and is now ripe for review.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the

3

> existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Rule 26 further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

28 U.S.C. §1782 provides:

> **(a)** The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person

4

appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

(b) This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.

28 U.S.C. § 1782.

## DISCUSSION

In its current "Motion To Compel…" Petitioner seeks an Order compelling Respondents to produce certain documents "withheld on the grounds of privilege," and to produce certain other documents "GATA believes may be discoverable" for the Court's *in camera* review. (Document No. 41, p.1). Specifically, Petitioner requests the following:

> order Respondents to produce to the Court unredacted versions of the documents in Exhibit 8 and 18 for the Court's *in camera* review;
> 
> order GABA to obtain the 50,000+ contact list from Mr. Heller and produce it to GATA;
> 
> order Respondents to produce the pages in Exhibit 22 in their entirety or provide an adequate explanation of why they appear to be missing information;

> order all Respondents to certify that no summary was created as described in Exhibit 3 at 000614-615 or produce that summary (including obtaining it from Mr. Zimmer if he has it); and
>
> following the Court's review order the production of the documents reviewed *in camera*.

(Document No. 42, p.19).

Respondents' "Memorandum In Opposition To GATA's Motion To Compel…" (Document No. 51) seeks relief from Petitioner's discovery demands, contending that "GATA's supposed need for documents has been vastly outweighed by the undue burdens and costs imposed upon the non-party Respondents." (Document No. 51, p.1). Respondents argue that "all responsive documents have been produced, as well as additional documents subsequently demanded by GATA." (Document No. 51, p.18). Respondents also suggest that at least some of the information requested by Petitioner has been supplied directly to the German Court by Dr. Heller, and therefore, "these ongoing demands directly contradict GATA's supposed need for § 1782 assistance here." Id. In conclusion, Respondents notes that

> GATA chose to file suit in Germany and should be expected to comply with the German Court's procedural processes and abide by its timetable. Indeed, this Court previously acknowledged the likelihood that "discovery here is inefficient, if not moot, pending a decision by the German Court."

(Document No. 51, p.19) (quoting Document No. 35, p.12).

Respondents' "…Motions To Vacate Order Or To Quash Subpoenas" (Document No. 24) filed August 2, 2013, has been previously cited by this Court for including the following useful synopsis of the law applicable to this controversy:

> Section 1782(a) permits "any interested person" to apply to a district court for an order permitting him or her to take discovery "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. §1782(a). The statutory requirements are as follows: (1) the person from whom discovery is sought must reside or be

> "found" in the district, (2) the discovery must be "for use" in a proceeding before a foreign tribunal, and (3) the application must be made by an "interested person." In re Application of Microsoft Corp., 428 F. Supp. 2D 188, 192 (S.D.N.Y. 2006) (citing Schmitz v. Bernstein Liebhard & Lifshitz LLP, 376 F. 3d 79, 83 (2d Cir. 2004)).
>
> If those statutory requirements are met, the court **may, but need not, order discovery**. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). In exercising its discretion, the court must consider the following "Intel" factors: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent relief under §1782; (2) the "receptivity" of the foreign government or tribunal to the assistance of the district court, and "specifically," whether the §1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or policies"; and (3) whether the subpoena is unduly intrusive or burdensome. Id. at 264-65; See also Microsoft, 428 F.Supp.2d at 192-93.
>
> Moreover, courts must exercise their discretion in light of the twin aims of §1782: providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts. Microsoft, 428 F. Supp.2d at 193 (citing Schmitz, 376 F.3d at 84).

(Document No. 24-1, pp.2-3) (emphasis added); see also (Document No. 35, p.9).

After careful review of the parties' arguments, the undersigned will deny Petitioner's motion without prejudice. In short, the undersigned is not persuaded that Respondents have improperly withheld responsive documents. Moreover, the undersigned is increasingly concerned that the Intel factors identified above do not support additional and continuing production here, especially where the non-party Respondents have again raised the legitimate concern that questions of "GATA's standing and justiciability of the claims brought before the German Court" are still pending. (Document No. 51, p.19).

At this time, the Court is not persuaded that *in camera* review of certain documents is necessary. Particularly since some of the documents at issue are, or may be, within the jurisdictional reach of the German Court, this Court will err on the side of deference to the

7

German Court.  The undersigned will decline to set forth any specific requirements for a renewed motion to compel;  however, clear evidence that GATA has standing and that the German lawsuit is moving forward, as well as a discussion incorporating the Intel factors, would most likely strengthen any future motions to compel in this action.

The undersigned again notes that both 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure allow the Court broad discretion in ruling on discovery issues such as the ones pending before the Court.  See (Document No. 35, p.13).

**IT IS, THEREFORE, ORDERED** that the "German American Trade Association's Motion To Compel" (Document No. 41) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the parties shall bear their own costs associated with this motion.

**SO ORDERED**.

Signed: December 27, 2013

David C. Keesler
United States Magistrate Judge